IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **CHARLES J. POPE,** )<br>)<br>Plaintiff, )<br>v. )<br>)<br>**NANCY A. BERRYHILL, ACTING** )<br>**COMMISSIONER OF SOCIAL** )<br>**SECURITY,** )<br>Defendant. )<br>_____) | Case No. 17-2041-CM |

## **MEMORANDUM AND ORDER**

Plaintiff Charles J. Pope claims that he became disabled in June 2011. He suffers from several impairments, including post-traumatic stress disorder, diabetes, coronary artery disease, and hypertension. In the past, plaintiff worked as a high school math teacher. He moved from being a full-time instructor to substitute teaching, but stopped working in May 2012. Plaintiff filed this action pursuant to Title II of the Social Security Act ("Act"), 42 U.S.C. § 405(g), claiming a period of disability and disability insurance benefits.

An Administrative Law Judge ("ALJ") found that plaintiff was not disabled in a decision issued in December 2015, which stands as the final decision of the Commissioner of Social Security. Plaintiff argues that the ALJ erred in two ways: (1) He did not properly evaluate plaintiff's mental residual functional capacity ("RFC") and transferrable skills; and (2) he did not properly evaluate the medical opinion evidence, including the opinion of plaintiff's treating psychiatrist, Dr. Sheeja Kumar. The court has reviewed the record, and agrees with plaintiff on both points.

This court applies a two-pronged review to the ALJ's decision: (1) Are the factual findings supported by substantial evidence in the record? (2) Did the ALJ apply the correct legal standards? *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citation omitted). The court's review is limited;

-1-

it may not reweigh the evidence or replace the ALJ's judgment with its own. *Bellamy v. Massanari*, 29 F. App'x 567, 569 (10th Cir. 2002) (citing *Kelley v. Chater*, 62 F.3d 335, 337 (10th Cir. 1995)). In evaluating whether a claimant is disabled, the ALJ engages in a five-step process. *See Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988) (identifying five-step process) (citations omitted). The court will not repeat that process here, though, as the only issues the court reaches are whether the ALJ properly evaluated plaintiff's transferrable skills and Dr. Kumar's opinion.

First: plaintiff's RFC and transferrable skills. The ALJ found that while plaintiff could not perform his former job, he had transferrable skills of oral/written communication and attention to detail. Based on these transferrable skills, the ALJ found that plaintiff could perform the job of a mail handler, an administrative clerk, or a job tracer. But when a claimant is aged sixty or over (as plaintiff is), "there must be very little, if any, vocational adjustment required in terms of tools, work processes, work settings, or the industry." 20 C.F.R. Pt. 404, subpt. P, App. 2 § 202.00(f) (2016). The ALJ is therefore required to obtain vocational "testimony comparing [plaintiff's] transferrable skills and the duties of the new jobs to support a finding that [plaintiff] would have an advantage over the other workers applying for the same jobs." *Robinson v. Colvin*, No. 12-0355, 2013 WL 5407857, at *5 (N.D. Okla. Sept. 25, 2013) (citing *Jensen v. Barnhart*, 436 F.3d 1163, 1168 (10th Cir. 2005)). Here, the ALJ did not elicit any testimony about the duties of a mail handler, administrative clerk, or job tracer. The vocational expert provided only the job titles. She did not provide information about the tools, work processes, work settings, or the industries. Absent this evidence, the ALJ could not properly evaluate how much vocational adjustment would be required for these positions. Remand for this analysis is required.

Second: the ALJ's evaluation of the medical opinion evidence. Dr. Kumar is plaintiff's treating psychiatrist. "'Treating source medical opinions are [ ] entitled to deference,' and must be either given

controlling weight or assigned some lesser weight 'using all of the factors provided in 20 C.F.R. 404.1527 and 416.927.'" *Andersen v. Astrue*, 319 F. App'x 712, 718 (10th Cir. 2009) (quoting Social Security Ruling ("SSR") 96–2p, 1996 WL 374188, at *4)).  The ALJ must give the opinion controlling weight if it is (1) "well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) "not inconsistent with the other substantial evidence" in the record.  20 C.F.R. § 404.1527(c)(2).  If the opinion fails either of these tests, then the ALJ must consider a number of factors to determine the weight to give the opinion:

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*Watkins v. Barnhart*, 350 F.3d 1297, 1301 (10th Cir. 2003).  The ALJ's opinion need not explicitly discuss each factor, *see Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007), but it must be clear that the ALJ considered every factor, *see* 20 C.F.R. § 404.1527(c)(2) ("[W]e apply the factors listed in paragraphs (c)(2)(i) and (c)(2)(ii) of this section, as well as the factors in paragraphs (c)(3) through (c)(6) of this section in determining the weight to give the opinion."); SSR 96–2p, 1996 WL 374188, at *4 ("Treating source medical opinions . . . must be weighed using all of the factors provided . . . ."). When a treating physician's opinion is inconsistent with other medical evidence, the ALJ's task is to examine the other physicians' reports to see if they outweigh the treating physician's reports. *Goatcher v. United States Dep't of Health & Human Servs.*, 52 F.3d 288, 289–90 (10th Cir. 1995).

Dr. Kumar treated plaintiff at least twelve times, over the course of two-and-a-half years.  Dr. Kumar opined that plaintiff suffered from PTSD and a Major Depressive Disorder, with mood disturbance, emotional lability, persistent irrational fears, hostility and irritability, feelings of

worthlessness, social isolation, and generalized persistent anxiety. Dr. Kumar noted that plaintiff is moderately restricted in activities of daily living, has a marked restriction in maintaining social functioning, and has a moderate deficit in maintaining adequate concentration, persistence, or pace. Further, Dr. Kumar indicated that plaintiff would miss work more than four days per month as a result of his impairments. But the ALJ gave Dr. Kumar's opinion limited weight, finding it inconsistent with Dr. Kumar's own treatment notes and plaintiff's activities of daily living. The ALJ gave great weight to the opinions of two psychologists—George W. Stern, Ph.D and Carol L. Adams, Psy.D. Both of these physicians acted as non-examining psychological consultants.

      The ALJ took the first required step in evaluating Dr. Kumar's opinion—he considered whether it was consistent with the rest of the record. But once he found it inconsistent, he failed to evaluate any of the six factors identified above (except consistency). Neither did the ALJ explain why the reports of the non-examining psychological consultants outweighed that of Dr. Kumar. He merely noted that they were consistent with plaintiff's treatment, mental status examinations, and plaintiff's activities of daily living. The court does not require factor-by-factor analysis, *see Oldham*, 509 F.3d at 1258, but the ALJ must give some indication that he considered the applicable factors in addition to consistency.

      For these reasons, the court must remand the case for further consideration by the ALJ. Plaintiff asks the court to direct an award of benefits, but the court declines to so order. The court determines that, at a minimum, additional testimony by a vocational expert and fact-finding by the ALJ are necessary.

-5-

**IT IS THEREFORE ORDERED** that the decision of the Acting Commissioner of Social Security is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for actions consistent with this Memorandum and Order.

The case is closed.

Dated this 7th day of December, 2017 at Kansas City, Kansas.

>    s/ Carlos Murguia
>    **CARLOS MURGUIA**
>    **United States District Judge**